AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| MARLON C. ADAMS | Case Number: 05-20084-01-KHV-DJW |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 26, 2005

s/ David J. Waxse
*Signature of Judicial Officer*

<u>DAVID J. WAXSE, U.S. MAGISTRATE JUDGE</u>

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Marlon C. Adams
Criminal Action 05-20084-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There are a set of factors I have to look at to determine whether or not release is appropriate.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence. There is some dispute in the case law, but if the crime involves a firearm they're generally considered crimes of violence, so that would be a negative towards release.

The next issue is whether the offense is a crime of violence for which a maximum term of imprisonment is ten years or more, or involves a narcotic drug. It does, so that clearly is another negative factor towards release.

The next factor is the weight of the evidence against the person. There is a Grand Jury Indictment which is not anything more than a probable cause finding, but it is some indication of the weight of the evidence.

The next factor is the history and characteristics of the person, including your character, physical and mental condition. There is nothing in the report about those that would indicate detention.

Family ties would indicate release.

The next factor is employment. Obviously you haven't been employed since you have been incarcerated, so there's no indication that you currently have employment, which would be a negative.

The next factor is your financial resources. There's no indication you have substantial financial resources that would enable you to flee, so that would not be considered as a negative.

Length of residence in the community and community ties would be considered positive.

The next factor is past conduct, which includes history related to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings. The record is full of those kinds of problems, which clearly indicate you should be detained.

The next issue is whether at the time of the current offense the person was on probation or parole, and clearly

3

you were, so that is another factor that would indicate detention.

The final factors are the nature and seriousness of the danger to any person in the community that would be posed by the person's release. Any time there are firearms and drugs involved, that is a danger to the community.

Considering all of these factors, it appears to me you do not do well when either released on bond or released on parole in terms of complying with conditions, so you will remain detained.