**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-20084-KHV** |
| **MARLON C. ADAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On July 12, 2006, defendant entered a plea of guilty to count two of a three-count indictment which charged him with use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #70).  On September 25, 2006, the Court sentenced defendant, and the Clerk entered judgment on September 28, 2006.  See Judgment (Doc. #77).  This matter comes before the Court on defendant's letter (Doc. #79), which the Court construes as a motion for transcripts and a copy of the plea agreement without cost, and defendant's Application To Proceed Without Prepayment Of Fees And Affidavit (Doc. #80) both filed May 1, 2007.  For reasons stated below, the Court overrules the motions.

**I.     Defendant's Motion For Transcripts And The Plea Agreement**

Defendant requests transcripts of his plea and sentencing hearings and a copy of the plea agreement.  He does not indicate the purpose for which he seeks these items, although the Court presumes that he intends to file a motion under 28 U.S.C. § 2255.[1]  The Court notes, however, that

---

[1]     Because defendant has not filed a notice of appeal and his time for appeal has now
(continued...)

defendant has not yet filed such a motion.

As to defendant's request for transcripts, 28 U.S.C. § 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts. See United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993). Because defendant has not yet filed a Section 2255 motion, his request for transcripts is not ripe. See United States v. Horvath, 157 F.3d 131, 133 (2d Cir. 1998); see also Sistrunk, 992 F.2d at 259 (declining to address whether actual filing of Section 2255 petition is prerequisite to § 753(f) transcript request). Even if the Court considered defendant's request at this time, he has not shown a "particularized need for the transcript[s]" as required by Section 753(f). Sistrunk, 992 F.2d at 259; United States v. Austin, 48 F.3d 1233 (Table), 1995 WL 94632, at *1 (10th Cir. Feb. 28, 1995). Before the Court is required to provide him with a free transcript, petitioner seeking relief under Section 2255 must demonstrate that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit. Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184 (Table), 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (citing United States v. MacCollom, 426 U.S. 317 (1976)). A prisoner does not have a right to a free transcript simply to search for error in the record. Ruark v. Gunter, 958 F .2d 318, 319 (10th Cir. 1992).

As to defendant's request for a copy of the plea agreement, defendant has not shown that such document is necessary to decide any issue to be presented in his anticipated Section 2255 motion. See United States v. Lewis, 37 F.3d 1510 (Table), 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (same standard as transcripts can be applied to prisoner requests for pretrial records).

---

[1](...continued)
run, see Fed. R. App. P. 4(b)(1)(A) (defendant must file notice of appeal within 10 days of judgment or government's notice of appeal), the Court does not presume that defendant seeks these items in conjunction with a direct appeal.

In addition, a habeas corpus petition must be filed to trigger the statute which grants indigent petitioners "documents" or "parts of the record" without cost.  28 U.S.C. § 2250; <u>Lewis</u>, 1994 WL 563442, at *1; <u>see also</u> Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).

For these reasons, the Court overrules defendant's letter (Doc. #79) filed May 1, 2007, which the Court construes as a motion for transcripts and a copy of the plea agreement without cost.

## II.     Defendant's Application To Proceed *In Forma Pauperis*

Defendant seeks leave to proceed *in forma pauperis*, but does not identify the proceeding for which he seeks to avoid prepayment of fees.  As noted above, defendant's time for appeal has run, and the Court therefore presumes that he intends to file a motion under Section 2255.  The Court notes that no filing fee is required for a proceeding under Section 2255.  See <u>United States v. Garcia</u>, 164 Fed. Appx. 785, 786 (10th Cir. 2006); Rule 3 of the Rules Governing Section 2255 Proceedings, Adv. Comm. 1976 Adoption.  Accordingly, defendant's <u>Application To Proceed Without Prepayment Of Fees And Affidavit</u> (Doc. #80) filed May 1, 2007 is overruled.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

3